**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MOHAMED ADAM TAIRAB,

     Petitioner,

vs.                                                                    No. CIV 26-0450 JB/KRS

KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; PAMELA BONDI,
U.S. Attorney General; MARY DE ANDA-YBARRA,
Field Officer Director of Enforcement and Removal
Operations, El Paso Field Office, Immigration and
Customs Enforcement; TODDY LYONS, Director,
U.S. Immigration and Customs Enforcement; and
WARDEN, Otero County Processing Center,

     Respondents.[1]

### MEMORANDUM OPINION AND ORDER CONCLUDING THAT THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND THE PETITIONER'S PETION FOR WRIT OF HABEAS CORPUS ARE MOOT

     **THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings

and Recommended Disposition, filed on June 22, 2026 (Doc. 16)("PFRD"). In the PFRD, the

Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court

for the District of New Mexico, recommends that that the Court grant, in part, pro se[2] Petitioner

---

[1] The opening pleading lists Kristi Noem and Pamela Bondi as Respondents. The Court directs the Clerk of the Court to replace Noem with Markwayne Mullin, the current Secretary, United States Department of Homeland Security, and Bondi with Todd Blanche, the current Attorney General of the United States. See Lowmaster v. Dir., Bureau of Prisons, No. 24-3178, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024)(Lungstrum, J.)("[T]he Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); Danderson v. Page, No. 24-208, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024)(Heil, J.)(substituting the proper party respondent in a habeas case).

[2] Petitioner is a pro se litigant and, as such, his "pleadings are to be construed liberally and held to a less stringent stand than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d

Mohamed Adam Tairab's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 17, 2026, (Doc. 1)("Habeas Petition"), because the Due Process Clause applies to Petitioner's detainment under § 1226(c), and, thus, Tairab should be afforded an opportunity for release on bond. See PFRD at 12-16. The PFRD also recommends concluding that Zadvydas v. Davis, 533 U.S. 678, 687 (2001), is inapplicable, because Tairab was not subject to a final removal order as of the date of the PFRD. See PFRD at 12. Further, the PFRD recommends denying as moot the Petitioner's Emergency Motion for Temporary Restraining Order, filed February 17, 2026, (Doc. 2), because the Court previously entered an Order enjoining the Respondents from transferring Petitioner. See PFRD at 16-17. Finally, the PFRD recommends denying the Petitioner's Motion to Enter Evidence, filed May 7, 2026, (Doc. 14), and concluding that the Petitioner's Emergency Motion for Immediate Release from Immigration Detention, filed June 17, 2026 (Doc. 15), is moot. See PFRD at 17.

Magistrate Judge Sweazea advises the parties that appellate review of the PFRD is granted only if a party files objections within the designated time. See PFRD at 18 ("A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review . . . . If no objections are filed, no appellate review will be allowed."). On June 25, 2026, the Respondents file a Status Report (Doc. 17), advising the Court that "the Board of Immigration Appeals ("BIA") issued an order dismissing Petitioner's appeal of the Immigration Judge's August 15, 2025, decision denying Petitioner's applications for asylum and withholding removal." BIA Order at 1, (dated June 22, 2026), filed June 25, 2026 (Doc. 17, Exh. A). The BIA's June 22, 2026, order renders Petitioner's removal order final, pursuant to Zadvydas v. Davis,

---

1106, 1110 (10th Cir. 1991). It is not the proper function of this Court, however, to assume the role of pro se Petitioner's advocate. Hall v. Bellmon, 935 F.2d at 1110/

533 U.S. 678, 687 (2001), and thus, shifts the authority for Tairab's detention to 8 U.S.C. § 1231(a).    Status Report at 1-2.    The Federal Respondents ("Respondents")[3] subsequently respectfully request the Court to find the Petition moot.    See Status Report at 2. Contemporaneously, on June 25, 2026, Tairab files a Motion to Proceed in New Brief Extension (Doc. 18), and Emergency Motion for Immediate Release from Immigration Detention,  (Doc. 19). On July 2, 2026, the Respondents timely object to the PFRD.  See Respondents' Objections to the Proposed Findings and Recommended Disposition (Doc. 20)("Respondents' Objections").   On July 13, 2026, Tairab files Objection to the Respondent's [*sic*] Response of Proposed Findings and Recommended Disposition (Doc. 21)("Tairab's Objections").

## **LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See FED. R. CIV. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").   Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under rule 72(b)(2), when resolving objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence;

---

[3] The Federal Respondents' counsel notes that they are "not appearing for the Warden of the Otero County Processing Center.  Otero County Processing Center is not a private facility, and the Warden is not a federal employee.  However, all arguments made on behalf of the remaining Respondents apply with equal force to the Warden, as the Warden is detaining the Petitioner at the request of the United States."  Response to Petition for Writ of Habeas Corpus (Doc. 1) and Motion for Temporary Restraining Order (Doc. 2), at 1 n.1, filed March 11, 2026 (Doc. 10)("Response").

or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to the magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel,

-4-

73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a plaintiff] had waived argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[4]

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). In One Parcel, the Tenth Circuit notes that the district judge decides sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit

---

[4] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion from the United States Court of Appeals for the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

holds that it deems the issues waived on appeal, because such actions advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elect to address merits despite potential application of waiver rule, but the Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz"). The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court may rely on the Magistrate Judge's PFRD.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)("Bratcher")(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course in the past and in the interests of justice, the Magistrate Judge's recommendations. In Maez v. Bisignano, No. CIV 24-0882, 2025 WL 1793842 (D.N.M. June 30, 2025)(Browning,

J.)("Maez"), where the plaintiff fails to respond to the Magistrate Judge's PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings," the Court nevertheless conducts such a review. 2025 WL 1793842, at *2. The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Maez, 2025 WL 1793842, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and is more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to be at the bottom of the order adopting the Magistrate Judge's PFRD.

**ANALYSIS**

This Court conductes a de novo review of the PFRD to determine the validity of the parties' Objections. See 28 U.S.C. § 636(b)(1).  The Respondents object on the grounds that: (i) the Respondents' failure to address Tairab's asylee status as a minor is irrelevant, because that issue is not before this Court; (ii) in applying Mathews v. Eldridge, 424 U.S. 319 (1976), Tairab's criminal history substantially weighs in favor of finding a strong United States interest for detainment; and (iii) the Petition is moot, because the BIA dismisses Tairab's appeal on June 22, 2026, thus shifting the authority for Tairab's detention to 8 U.S.C. § 1231(a). See Respondents' Objections at 1-4. In

-7-

turn, Tairab responds to the Respondents' Objections, maintaining his continued detention is unconstitutional pursuant to Zadvydas v. Davis, 533 U.S. 678, 687 (2001). See Tairab's Objections at 1-2. He further contends that his removal order is not final, because he "timely appealed a motion to reopen and to reconsider the decision that was made By [*sic*] the [BIA] on June 22, 2026," on the grounds that he was "misled" regarding the BIA's briefing and evidence requirements for his initial appeal. See Tairab's Objections at 2. The remaining portion of Tairab's Objections addresses arguments Respondents raised in their Response. See Tairab's Objections at 3-4.

The Court agrees with Respondents that the BIA's June 22, 2026, dismissal of Tairab's appeal renders the removal order administratively final.  See 8 C.F.R. § 1241.1(a). Tairab therefore ceases to be held pursuant to 8 U.S.C. § 1226 -- which applies solely to detainees awaiting a final order of removal -- and is now being held pursuant to 8 U.S.C. § 1231. See 8 C.F.R. § 1241.1(a). Tairab proffers no evidence that he has filed an appeal of the BIA's decision by filing a Petition for Review ("PFR") with the appropriate Court of Appeals. See 8 U.S.C. § 1252(b)(2).

The  Court thus finds that, effective June 22, 2026 -- the date of the BIA's dismissal of Tairab's final administrative appeal -- 8 U.S.C. § 1231 governs Tairab's detention. At that point, Tairab's sole means of challenging both his confinement and order of removal is to file a PFR with the proper Court of Appeals. There is no indication that Tairab has filed a PFR, and it is not proper for the Court to assume the role of Tairab's advocate and scour the record. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, because the ninety-day removal period has not elapsed, Petitioner's detention is mandatory under 8 U.S.C. § 1231, and he is not entitled to release or a bond hearing at this time. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"); 8 U.S.C. § 1231(a)(1)(A)-(B) (explaining that the ninety-day removal period begins on the "date the order of removal becomes administratively final"). Tairab

may, if he chooses, refile a habeas petition if he is still detained six months from the final order pursuant to Zadvydas v. Davis, 533 U.S. at 687.

The Court thus denies the Petition as moot. Denial of the Petition as moot renders the PFRD as well as Petitioner's Emergency Motion for Temporary Restraining Order, Motion to Enter Evidence, Emergency Motion for Immediate Release from Immigration Detention, Motion to Proceed in New Brief Extension, and Emergency Motion for Immediate Release from Immigration Detention, moot.

**IT IS ORDERED** that: (i) the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 17, 2026 (Doc. 1), is denied; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 22, 2026 (Doc. 16), is not adopted; (iii) the Petitioner's Emergency Motion for Temporary Restraining Order, filed February 2, 2026 (Doc. 2), is denied; (iv) the Petitioner's Motion to Enter Evidence, filed May 7, 2026 (Doc. 14), is denied; (v) the Petitioner's Emergency Motion for Immediate Release from Immigration Detention, filed June 17, 2026 (Doc. 15), is denied; (vi) the Petitioner's Motion to Proceed in New Brief Extension, filed June 25, 2026 (Doc. 18), is denied; (vii) the Petitioner's Emergency Motion for Immediate Release from Immigration Detention, filed June 25, 2026 (Doc. 19), is denied; (viii) the case is dismissed without prejudice; and (ix) the Court enters a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Mohamed Adam Tairab
Chaparral, New Mexico

 *Petitioner pro se*

Todd Blanche
  Acting United States Attorney General
Ryan Ellison
  First Assistant United States Attorney
Jean Margaret Trenbeath
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for Respondents Kristi Noem, Pamela Bondi, Todd Lyons, and Mary De Anda-Ybarra*