**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MOHAMED ADAM TAIRAB,

Petitioner,

v.

Case No. 2:26-cv-00450-MIS-KRS

ATTORNEY GENERAL OF THE UNITED STATES; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Director, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; and WARDEN, Otero County Processing Center,

Respondents.

**ORDER DENYING PETITIONER'S MOTION TO RESPONDENT'S DISOBEYING FEDERAL COURT ORDER**

THIS MATTER is before the Court on Petitioner Mohamed Adam Tairab's Motion to Respondent's Disobeying Federal Court Order ("Motion"), ECF No. 23, filed July 24, 2026.[1] Therein, Petitioner appears to allege that Respondents have failed to provide him a bond hearing, as recommended by United States Magistrate Judge Kevin R. Sweazea in his Proposed Findings and Recommended Disposition ("PFRD") on Petitioner's Petition for Writ of Habeas Corpus. See PFRD at 18, ECF No. 16.

However, United States District Judge James O. Browning rejected Judge Sweazea's recommendation, finding that Petitioner was subject to mandatory detention under 8 U.S.C. §

[1] This case was originally assigned to United States District Judge James O. Browning, and reassigned to the Undersigned District Judge on August 26, 2026. ECF No. 26.

1231(a) because Petitioner's Removal Order became final when the BIA dismissed his appeal on June 22, 2026. Order at 8, ECF No. 22. Because Petitioner is subject to mandatory detention, Judge Browning denied the habeas petition as moot. Id. at 9. In any event, because Respondents were never ordered to provide Petitioner a bond hearing, the Court finds that Respondents did not disobey a Court order in that regard.

Petitioner also appears to argue that he received ineffective assistance of counsel during his immigration proceedings. Mot. at 2-3. However, claims of ineffective assistance of counsel during immigration proceedings may only be judicially reviewed by the "appropriate court of appeals[,]" 8 U.S.C. § 1252(a)(2)(D). See Mendiola v. Holder, 576 F. App'x 828, 835 (10th Cir. 2014) ("Because claims of ineffective assistance of counsel in immigration proceedings are grounded in the Due Process Clause of the Fifth Amendment, we conclude that Mr. Mendiola's ineffective-assistance claim sufficiently raises a constitutional issue and that we have jurisdiction to review it under § 1252(a)(2)(D).").

Petitioner also asserts that his prolonged detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001). Mot. at 3. However, detention of a noncitizen subject to a final order of removal is presumptively reasonable for six months after the removal order becomes administratively final. Zadvydas, 533 U.S. at 701. Here, Petitioner's removal order became administratively final on June 22, 2026, see BIA Order, ECF No. 17-1, and therefore Petitioner's detention is presumptively reasonable until December 22, 2026. As such, the Court finds that Petitioner is not entitled to habeas relief under Zadvydas. Petitioner may file a new habeas petition if he is still in immigration detention after December 22, 2026.

Finally, Petitioner argues that his continued detention serves no legitimate purpose. To begin with, Petitioner's detention is mandatory under Section 1231(a). And in any event, detention

of noncitizens subject to final orders of removal serves the Government's legitimate purpose of facilitating removal. Cf. Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026) (finding that the petitioner's "indefinite detention—which exceeds fourteen months to date, with no reasonably foreseeable end in sight—is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal").

Accordingly, it is **HEREBY ORDERED** that Petitioner's Motion to Respondent's Disobeying Federal Court Order, ECF No. 23, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE